LILLIAN L. NOE, PROSECUTRIX, v. THE MONMOUTH
COUNTY COMMON PLEAS COURT, RESPONDENT.

Decided November 21, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutrix, *Theodore D. Parsons*

For the respondent, *William A. Stevens*.

PER CURIAM.

The prosecutrix was convicted in a magistrate's court in
the county of Monmouth, which court was held by Joseph M.
Cox, a justice of the peace, in and for the county of Mon-
mouth, upon a conviction charging her with a violation of
subdivision 3, section 14, of the Motor Vehicle act, in that the
prosecutrix did, on the sixteenth day of September, 1925, on a
public highway of the borough of Deal, in the county of Mon-
mouth and State of New Jersey, to wit: On Norwood avenue,
said Norwood avenue being at said time and place a public
highway in the State of New Jersey, operate a motor vehicle
while under the influence of intoxicating liquor.

Upon said conviction, the prosecutrix was sentenced to the common jail of the county of Monmouth for a period of thirty days.

It appears that in addition to this complaint there was a complaint that on the day in question, the prosecutrix had been operating an automobile at a rate of speed in violation of the section of the Motor Vehicle act, regulating the rate of speed with which vehicles may be driven upon the public highway, &c.

Both of these complaints were tried together, presumably by consent of the prosecutrix, since the record does not disclose she offered any objection to the course pursued by the magistrate; and upon the evidence before him, he found the prosecutrix guilty of the separate violations charged against her, and upon the conviction of the prosecutrix of operating an automobile while under the influence of intoxicating liquor, the magistrate imposed the sentence, as above stated, and upon the conviction for driving an automobile, at a rate of speed prohibited by the Motor Vehicle act, she was adjudged to pay a fine of $100.

From both of these convictions and judgments, the prosecutrix appealed to the Monmouth County Court of Common Pleas. By virtue of these appeals the prosecutrix was entitled to a trial *de novo*. From the record of the Court of Common Pleas, it appears that at the hearing of the appeals, counsel of respective parties agreed that the appeals be tried together, and counsel of the prosecutrix announced that the prosecutrix appeared specially and only for the purpose of interposing objection to the jurisdiction of the justice of the peace, before whom the causes were tried, which objections were as follows: (1) That the complaints were not properly sworn to, in that the justice signed the jurat as "justice of the peace of Deal." (2) That the prosecutrix had not been granted an immediate hearing after her arrest, as required by the statute. (3) That the offense charged had occurred in the township of Ocean and not in the borough of Deal, and that a police officer of the borough of Deal had made the arrest of the prosecutrix without authority.

The trial judge overruled these objections, holding that it appeared that the justice of the peace was an officer designated by the statute as a magistrate, before whom such prosecution might be had, and that the proofs taken on the motion sufficiently disclosed that the prosecutrix had driven a motor car, while under the influence of liquor, within the limits of the borough of Deal; that as to the alleged failure of the justice to hold an immediate hearing, it appeared by such preliminary proofs that the prosecutrix was in such state of intoxication as to be unable to intelligently proceed with the hearing at the time of her arrest, and that the justice had postponed the same for that reason, until the following morning.

An exception was allowed to the ruling of the trial judge, and the court then proceeded to a hearing of the appeals *de novo*. The record then states that the prosecutrix remained mute and took no part in the proceedings, and then gives a list of the witnesses who were sworn and examined to establish the complaint, the substance of their testimony, and that the court found from the evidence that the complaint for reckless driving involved the complaint while driving under the influence of intoxicating liquor, and thereupon dismissed the complaint for reckless driving, but found the prosecutrix guilty of driving a motor vehicle while under the influence of intoxicating liquor, as charged in the complaint; and it was upon this conviction that the trial judge adjudged the prosecutrix to be committed to the common jail of the county of Monmouth for a period of thirty days.

The validity of the proceedings are now before us for review, by writ of *certiorari* sued out by the prosecutrix.

The record discloses that the first reason presented for a reversal of the judgment is that the arrest of the prosecutrix was made by an officer without a warrant, though the offense was not committed in his presence.

This objection is without any substance. A complaint was made in writing by a witness who observed the intoxicated condition of the prosecutrix, and he called an officer so that the latter might take the prosecutrix into custody. The

officer, seeing her condition, took her out of the automobile to the magistrate's office.

Under section 31 of the Motor Vehicle act (*Pamph. L. 1921, pp.* 680, 681) any constable or police officer * * * is authorized to arrest, without warrant, any person violating in the presence of such constable or police officer * * * any of the provisions of this act * * *. There was sufficient proof that the prosecutrix was violating a provision of the Motor Vehicle act in the presence of an officer, so that her arrest was not without warrant of law, or irregular.

The second reason urged for a reversal is that the offense was committed in the township of Ocean and the arrest was made by a police officer of the borough of Deal, in the township of Ocean. The place where the offense was committed raised a factual question, and since there was testimony which tended to show that the offense was committed in the borough of Deal, the finding of the trial judge is not reviewable.

The third reason relied upon for a reversal is that the court had no jurisdiction, in that the complaint was defective. This reason is too general to be considered. It does not point out in what particular respect the complaint is defective.

The fourth reason presented for a reversal is that the complaint is not subscribed by an officer authorized to make complaints. There is no merit in this contention. The law does not require that the complaint should be made by an officer. The complaint can be made by an individual, who observed a violation of any of the provisions of the Motor Vehicle act.

The fifth reason advanced to support the claim that the proceedings were faulty and defective, and required a reversal of the judgment, is that the justice of the peace adjourned the case and did not hold a summary hearing in accordance with the provisions of the Motor Vehicle act. The record discloses that it was the intoxicated condition of the prosecutrix which prevented the holding of a summary hearing, and that it was in consideration of her not being able to present a defense intelligently, that the magistrate postponed the hearing until she was able to do so. The record shows she was afforded a summary hearing as soon as her condition warranted it.

There is no merit in the sixth reason advanced by counsel of the prosecutrix, that the proceedings are invalid because the prosecutrix was detained in some other place than the office of the magistrate, and, in fact, was detained in a cell in the station house. According to the testimony, her condition of intoxication was such that it was deemed best that she should occupy a cell and not be upon exhibition in a public place.

The seventh reason relied on for a reversal is like the sixth, and needs no comment.

The eighth reason has already been considered and disposed of in what has been said, *supra,* that it was not necessary that the complaint should have been sworn to and signed by the officer making the arrest.

The ninth reason is without merit, for it appears by the record there was no objection made in the justice court to the hearing of both complaints together in a single trial, and moreover, when the cases came on for trial *de novo,* in the Common Pleas Court, counsel for prosecutrix consented that both complaints be considered in one proceeding.

The tenth reason urged for a reversal is that the court below violated the constitutional rights of the prosecutrix in subjecting her to an examination by a physican without her consent. This reason seems to have been abandoned, for it is not argued in the brief, and moreover, there is no merit in the contention.

The eleventh reason relied on for a reversal is the same in character as has been commented upon in considering the fourth reason, and which later reason was found to be unsubstantial.

The result reached is that the judgment of the Court of Common Pleas be affirmed, with costs.