WALTER KRUTTSCHNITT, PROSECUTOR, v. VERNON D. HAGAMAN, RECORDER OF THE TOWNSHIP OF FRANK-LIN, SOMERSET COUNTY, NEW JERSEY, RESPONDENT.

Argued January 20, 1942—Decided March 23, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Strong & Strong* (*John V. R. Strong*, of counsel).

For the respondent, *John Macko* (*Edward Sachar*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a drunken driving case. Prosecutor challenges the propriety of the judgment of conviction entered against him, in the Recorder's Court of the Township of Franklin, Somerset County, upon a complaint which charged that, on June 23d, 1941, at about 9:40 P. M., he operated a motor vehicle, on a public highway (between Middlebush and East Millstone on the Amwell Road), in said township and county, while under the influence of intoxicating liquor, in violation of *N. J. S. A.* 39:4-50. The recorder imposed a penalty of $200 and $5 costs on prosecutor and, in default of the payment thereof, ordered that prosecutor be committed to the Somerset county jail for a period of sixty days.

Not having the $205 with him and not having been given much, if any, opportunity to get it, prosecutor was, within two hours and twenty minutes after his arrest, that is just before midnight following his arrest, committed to the county jail.

In support of his challenge, prosecutor contends (1) that the record submitted is insufficient; (2) that he was the victim of entrapment; (3) that he was denied the right of counsel; and (4) that he was tried and convicted while not in a condition to comprehend or intelligently to prepare a

defense (not by reason of his alleged intoxication but rather by reason of the strain of the circumstances upon his poor health), and that he was not given a fair trial.

We pass over the contentions we have numbered as 1 and 2, for we choose to base our determination of this cause upon contentions 3 and 4 which we conceive to be embraced within the requirements of due process of law. Thus the questions here, as we see it, are whether the basic requirements of due process were satisfied. Was the prosecutor given *timely* and *reasonable* opportunity to be heard and to defend himself? *State* v. *Zied*, 116 *N. J. L.* 234; 183 *Atl. Rep.* 210. Was he given a fair trial? *Cf. Johnson* v. *City of Wildwood*, 116 *N. J. L.* 462, 464; 184 *Atl. Rep.* 616. Our answers to these questions are in the negative. In support of these answers, let us refer to the facts.

Prosecutor is a citizen, taxpayer and former official of the Township of Franklin. His sharp criticisms of the present officials of the township engendered ill feeling between them. Having occasion to call at the town hall of the township, he arranged with his counsel to meet him there at 9:30 P. M., on June 23d, 1941. Prosecutor reached the Recorder's Court room in the township hall about 9:20 P. M. His counsel had not then arrived. As soon as prosecutor entered the court room, in which were present the recorder and some police officers, a rather foul and insulting verbal altercation followed between the police officials and prosecutor. Because of this altercation, and because of the claim that prosecutor was under the influence of intoxicating liquor, he was escorted by the police officers to his automobile and seated therein, during which time prosecutor claims he was struck by the officers, and was profanely told to get away. He was not arrested for his conduct or his alleged condition while in the court room because the police officers concededly did not think it the politically expedient thing to do. A woman newspaper reporter who chanced to come into the court room at the aforestated time testified, however, that she heard the recorder say, "Oh, let him go, we will pick him up for drunken driving."

Prosecutor, after some difficulty in getting the car away from its parked location, drove for about 1½ miles on Amwell Road when he was stopped and arrested for driving a motor vehicle while under the influence of intoxicating liquor. The officers who followed and arrested him were the same officers who had the altercation with him at the town hall. The recorder joined the officers at the scene of the arrest.

Prosecutor was brought to the court room at the town hall. His driver's license was taken from him. He demanded the right to communicate with his counsel which according to him (and denied for respondent), was denied him. He was then taken before a Dr. Lovejoy in South Bound Brook (about 6½ or 7 miles from the town hall) for examination. The doctor found him to be under the influence of intoxicating liquor and unfit to drive. The doctor made a written statement to that effect. Within about 15 minutes after the stated finding by the doctor, prosecutor was brought back to the court room in town hall. He again says (and it is again denied) that he demanded the right to counsel. Shortly prior thereto prosecutor's counsel arrived at the hall. He sought to locate his client. He asked one of the officers involved whether he had seen prosecutor and was told that he had not seen him. He asked the recorder whether he intended to try any case that night or whether anything special had happened that night and was answered in the negative. Whereupon counsel left for his home.

Prosecutor was then given what purports to be a hearing. Dr. Lovejoy did not testify but his written statement was used. This was clearly improper. Cf. *Test* v. *Test,* 131 *N. J. Eq.* 197, 200, 201; 24 *Atl. Rep.* (2d) 226. Prosecutor refused to be sworn or to testify. It is said that whatever talking he otherwise did was incoherent, his face was red and his eyes bloodshot. The recorder during one of the stages of this cause admitted that in his opinion prosecutor was under the influence of intoxicating liquor when he was arraigned and tried.

1. Assuming, but not so deciding, that prosecutor was under the influence of intoxicating liquor when he first made

his appearance in the court room at town hall, that he continued to be in the same condition, when he was operating his car, when he was apprehended, when he was examined, when fifteen minutes after the finding by Dr. Lovejoy he was arraigned, when purportedly tried and convicted, then there was all the more reason why prosecutor should not have been tried. We are, of course, not to be understood as intimating —much less deciding—that one may by deliberate design come under the influence of intoxicating liquor and thus avoid trial. That is not this case. Moreover, prosecutor could have been detained for 24 hours from the time of his arrest to have permitted the arresting officers ample time to have obtained a warrant (N. J. S. A. 39 :5-25), and the recorder, on proper bail, could have adjourned the hearing for a period not exceeding 30 days. N. J. S. A. 39 :5-8.

There is no merit to the claim that prosecutor waived his asserted rights. Waiver connotes abandonment of a known right. One under the influence of intoxicating liquor is not always capable of knowing his rights.

In the case of Noe v. Monmouth County Court of Common Pleas, 6 N. J. Mis. R. 1016, 1018; 143 Atl. Rep. 750; affirmed, 106 N. J. L. 584; 150 Atl. Rep. 920, the failure of the magistrate to hold an immediate hearing was sustained on the ground that the prosecutrix in that case was in "such state of intoxication as to be unable intelligently [to] proceed with the hearing at the time of her arrest * * *." Prosecutor did not participate in the trial on the merits. Cf. Kluczek v. State, 115 N. J. L. 105; 178 Atl. Rep. 632. He was not able, on the assumed premise, intelligently to do so. His trial and conviction, therefore, lack the prerequisite of a timely proceeding comprehended by due process of law.

2. Assuming, however, without so deciding, that prosecutor was not under the influence of intoxicating liquor, our result is the same. Prosecutor was purportedly tried on a charge which is "quasi criminal in its nature." State v. Rowe, 116 N. J. L. 48; 181 Atl. Rep. 706; affirmed, 122 N. J. L. 466; 5 Atl. Rep. (2d) 697. Trial on such a charge, even in a summary proceeding, must be so conducted as to

respect and safeguard the rights of the accused. *Johnson* v. *City of Wildwood, supra* (at *p.* 464). Prosecutor's purported trial was not timely, nor did it afford him any opportunity to defend himself with the aid of his counsel if he so chose, and made that fact, as he did, known. There is a strong inference that prosecutor was deliberately denied the benefit of his counsel's services.

Here again, on the assumed premise, prosecutor's refusal to be sworn, and to participate in the trial, negatives the claim that he waived his known rights.

Thus whether prosecutor was under the influence of intoxicating liquor, or whether he was sober, at the time of his purported trial, conviction and commitment, a reading of the entire record impels the conclusion that he was railroaded rather than given a fair trial. The entire proceeding is a shameful and shocking travesty upon justice.

The conviction is reversed.