THE STATE OF MONTANA on the relation of the CITY OF LIBBY, a Municipal Corporation, Petitioner, v. HONORABLE FRANK I. HASWELL, Judge of the District Court of the Eleventh Judicial District of the State of Montana, in and for the County of Lincoln, Respondent.

No. 11118.

Submitted May 5, 1966. Decided May 25, 1966.

414 P.2d 652.

Fennessy, Crocker & Arness, Libby, Franklin Arness (argued), Libby, for petitioner.

L. Loyd Evans, Libby, Robert S. Keller (argued), Kalispell, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding arising as an application for a writ of supervisory control. We issued an alternative order to show cause. Return and answer was made and oral argument had.

In the district court of the eleventh judicial district of Lincoln County, an appeal of a judgment of guilty found and entered in Police Court of the City of Libby to a charge of selling liquor to a minor under a city ordinance was taken. In the district court, a demurrer to the complaint was filed and argued. The district court sustained the demurrer and ordered the complaint dismissed. The district court filed a memorandum which reads as follows:

### "MEMO

"The Demurrer of the defendant is based upon the grounds that the Police Court does not have jurisdiction over the offense charged, namely, the sale of beer to a minor under 21 years of age pursuant to city ordinance.

"The control and regulation of the sale of beer to minors is vested in the State of Montana under the provisions of the Mon-

tana Beer Act (Sections 4-301 to 4-358 inclusive, R.C.M.1947, as amended); State criminal laws have been enacted by the State to cover this subject and the power to pass regulatory measures in this respect has not been delegated by the state to cities or towns. As a consequence cities or towns have no authority to legislate on the subject by ordinances. As a consequence, the City Police Court has no jurisdiction over the offense charged under an invalid city ordinance purporting to regulate the sale of beer to minors.

"The alleged violation involved in this suit should have been prosecuted under the provisions of state law and charged as a violation of state law either in the Justice of the Peace Court or in the District Court pursuant to concurrent jurisdiction of said courts over the offense charged under the provisions of Section 4-344, R.C.M.1947.

"The cases cited by plaintiff's counsel (State v. Benson, 91 Mont. 109, 5 P.2d 1045, and Town of White Sulphur Springs v. Voise, 136 Mont. 1, 343 P.2d 855) have no application to the question of jurisdiction over the subject matter or offense charged, the former involving a case of an irregularity in a change of venue between two justice of the peace courts and the second involving the validity of a city ordinance regulating a traffic offense."

The problem concerned here is of somewhat statewide interest. On the return, we granted permission to the Montana Liquor Control Board to appear amicus curiae. Although the answer and return suggests other grounds for denying the writ application, we choose to answer the main problem which we state as follows: Has a city in Montana jurisdiction to enact and enforce ordinances dealing with control of sales of liquor; or put another way, has the state preempted the entire field of control of sales of beer and liquor?

It is fundamental that the power of a city to enact ordinances is only such power as has been given to it by the legislature of the state, and that the powers given to it are sub-

ordinate powers of legislation for the purpose of assisting in the civil government of the state and to regulate and administer local and internal affairs of the community. State ex rel. McIntire v. City Council of Libby, 107 Mont. 216, 82 P.2d 587; City of Billings v. Herold, (1956) 130 Mont. 138, 296 P.2d 263. Municipal ordinances must also be in harmony with the general laws of the state, and with the provisions of the municipal charter. Whenever they come in conflict with either, the ordinance must give way. In addition, when the state has exercised a power through its statutes which clearly show that the state legislature deems the subject matter of the legislation to be a matter of general statewide concern rather than a purely local municipal problem, the city is then without the essential authority or power to pass or adopt any ordinance dealing with that subject matter. City of Billings v. Herold, supra.

Section 4-101, R.C.M.1947, reads in part as follows:

"This act may be cited as the 'State Liquor Control Act of Montana.' It is hereby declared to be the policy of the state of Montana to effectuate and insure *the entire control* of the manufacture, sale and distribution of liquor within the state of Montana as that term is defined in section 4-102 * * *." (Emphasis supplied.)

"Liquor" as defined in section 4-102, R.C.M.1947, does not include "beer" as that term is later defined in the Montana Beer Act, but the Montana Beer Act has a similar statement of policy.

Section 4-401, R.C.M.1947, commences as follows:

"It is hereby declared as the policy of the state that it is necessary to further regulate and control the sale and distribution within the state of alcoholic beverages, and to eliminate certain illegal traffic in liquor now existing, and to insure the entire control of the sale of liquor in the Montana liquor control board, it is advisable and necessary, in addition to the operation of the state liquor stores now provided by law, that the said board be empowered and authorized to grant licenses to

persons qualified under this act, to sell liquor purchased by them at state liquor stores at retail posted price in accordance with this act and under rules and regulations promulgated by the said board, and under its strict supervision and control, and to provide severe penalty for the sale of liquor except by and in state liquor stores and by persons licensed under this act. The restrictions, regulations and provisions contained in this act are enacted by the legislature for the protection, health, welfare and safety of the people of the state."

The legislature thus has made it clear that the state has preempted the field with respect to the control of the sale of beer and liquor. In addition, however, in 1933, the legislature provided, in section 2815.44, R.C.M.1935, "that nothing in this act contained shall in any manner be so construed as to prohibit or prevent cities and incorporated towns from enacting ordinances for the enforcement of this act and to license and regulate places of business where beer is sold, notwithstanding the fact that the persons conducting such places have obtained a license from the board * * *."

Section 2815.44 supra, was a part of the former Montana Beer Act. This section was amended in 1947, and now reads as section 4-341, R.C.M.1947. The amendment in 1947 expressly deleted the provision providing for the enforcement of this act by cities and incorporated towns, and left the cities and incorporated towns, solely with the right to enact ordinances defining certain areas in those cities or towns where beer may or may not be sold, provided that the ordinance did not affect the limit of retail beer licenses which shall be issued by the Montana Liquor Control Board. Hence, the legislature has again made it clear that the *entire* control of the sale of liquor and beer reposes in the Liquor Control Board, and not with local municipalities. A similar situation arose, and was discussed in State ex rel. Wiley v. District Court (1945) 118 Mont. 50, 164 P.2d 358. There, the Liquor Control Board had issued a license for the sale of liquor to a party in Miles City, Montana.

After obtaining the state license, the licensee then tendered to the City of Miles City an amount equal to fifty per cent of the state fees. The city refused to issue a city license and when the licensee continued to sell liquor, he was arrested by city officials. He filed a complaint asking that the city be enjoined from interfering in his business, and throughout this court's decision, the history of the various enactments and amendments was thoroughly considered with the particular view of determining the power of local authorities. That case dealt with what is now section 4-430, R.C.M.1947, which provides for the issuance of licenses by the city council of any incorporated town or city, or the county commissioners outside of any incorporated town or city, to persons to whom a license has been issued by the Liquor Control Board. This statute was enacted in 1937, but was amended in 1939, to provide that prior to the issuance of a license by the Montana Liquor Control Board, any applicant for such license shall have first appeared before the licensing authority of the incorporated city or town in which the premises were to be licensed, or if they were outside of the boundaries of an incorporated city or town, the applicant for a license had to have appeared before the county commissioners of the county, and from such authorities received written approval of the application for license. The 1939 amendment was in force when McCarten v. Sanderson, 111 Mont. 407, 109 P.2d 1108, 132 A.L.R. 1229, was decided by this court. This court pointed out that the effect of the 1939 amendment was to restore a measure of local control. The 1939 amendment was eliminated in 1941 by the Legislature, and the Wiley case, 118 Mont. at 54, 164 P.2d at 361, stated:

"It seems clear to us that the purpose of eliminating the language appearing in section 5 of Chapter 221 was to again deprive the local authorities of that 'measure of local control' restored by the amendment made in 1939. In effect that is what this court held in State ex rel. McCarten v. Harris, 112 Mont. 344, 115 P.2d 292, 295, where this court said: 'It may be unfortunate that the legislature had seen fit to remove all meas-

ure of local control, but its reason for repealing the requirement that local authorities' approval be obtained may well have been for the sole purpose of preventing arbitrary action. Certainly in enacting the repeal statute it made no provision for intrusting to the defendant board the arbitrary power thus taken away from the local authorities.' "

This brought us up to the City of Billings v. Herold, (1956) 130 Mont. 138, 296 P.2d 263, and the City of Bozeman v. Ramsey, (1961) 139 Mont. 148, 362 P.2d 206, wherein the question of what amounts to preemption by the state are fully discussed.

In view of the legislative history surrounding the sale of beer or liquor to a minor, accompanied by the case law hereinbefore cited, it is difficult to now conceive that any city has the implied power to legislative in this field. The legislature had no difficulty in section 11-987, R.C.M.1947, in providing that a city or town council could make and pass necessary ordinances for the regulation of soft drink establishments, and would leave the question of regulation of the sale of beer and liquor as an implied power.

We hold, then, that the cities do not have authority or jurisdiction to enact ordinances dealing with control of sales of liquor, and that Judge Haswell was correct in his ruling on the demurrer.

Now, however, the relator City of Libby and the Liquor Control Board as amicus curiae suggests that the practical result is that city police officers will not police bars and taverns because the city does not get revenue from fines. To this court, such a suggestion of "practical result" is unwarranted. City police have a long, outstanding record of doing their duty whether the enforcement of law be a city ordinance, a state statute, or a federal law. This court observes from its own study of numerous criminal appeals that city police officers place their duty as law enforcement officers on a high plane and carry out their duties with pride.

Whether the cities should share in revenue from fines

is not for us to decide. The legislature has provided in R.C.M. 1947, § 4-430, that cities may issue licenses and collect license fees; in section 4-403 zoning ordinances may prohibit establishments in certain areas; and in section 4-414, hours may be restricted. Additionally, the legislature has provided in section 4-240 for certain of the license tax receipts to go to cities and towns. As to fines collected, section 94-801-1 provides that fines and forfeitures are credited to the general school funds of the county. All of this, however, is beside the point, the legislature has seen fit to preempt the field except for certain specific areas.

Lest it be said that this result allows a defendant to escape punishment, it developed during oral argument that the defendant here was tried and found guilty in Justice Court.

Accordingly, the application for a writ of supervisory control is denied.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DOYLE and ADAIR concur.