No. 13629

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

JOE A. DeLONG et al.,

                Plaintiffs and Respondents,

    -vs-

ALEX L. DOWNES et al.,

                Defendants and Appellants.

---

Appeal from:  District Court of the Eleventh Judicial District,
              Honorable Robert Sykes, Judge presiding.

Counsel of Record:

    For Appellants:

        Moore, Lympus and Doran, Kalispell, Montana
        James Moore argued, Kalispell, Montana

    For Respondents:

        Patrick M. Springer argued, County Attorney,
         Kalispell, Montana
        Norbert F. Donahue argued, Kalispell, Montana

---

                        Submitted:  December 1, 1977

                        Decided:  DEC 22 1977

Filed: DEC 22 1977

_Thomas J. Kearney_
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an action for a declaratory judgment initiated in the District Court, Flathead County, by the Board of County Commissioners of that county. Defendants are ten individuals whose signatures appear on a Petition for Initiative requesting that the Board place before the general electorate for vote a resolution limiting gambling within Flathead County to bingo, raffles and gift enterprises to be conducted by religious and charitable organizations.

The Board, in its complaint and petition for declaratory judgment filed September 16, 1976, sought judgment that the subject matter of the Petition for Initiative was outside the powers and jurisdiction of any board of county commissioners and that it be enjoined and restrained from placing a resolution pursuant to the petition on the ballot for submission to the general electorate.

The City of Kalispell received a similar petition and moved the District Court to intervene as a plaintiff. Supported by stipulation of the parties, an order authorizing intervention was issued by the court on September 22, 1976. The cause was submitted upon the pleadings of the respective parties.

The District Court, the Hon. Robert C. Sykes presiding, in its order containing findings of fact and conclusions of law, dated September 30, 1976, concluded the Board and City were without jurisdiction to prohibit certain gambling activities, and without power to limit issuance of gambling licenses to non-profit religious and charitable organizations. The court there-fore restrained the Board and City from placing the proposed

resolutions on the ballot. Defendants, individual signators of the petition, appeal the order of the District Court.

On September 3, 1976, the described petitions for initiatives on gambling, prepared in accordance with sections 37-301 and 11-1104, R.C.M. 1947, were presented to the Board and the City Council. The petitions requested that those bodies submit to the qualified electorate measures to enact a resolution and an ordinance, respectively, that such bodies:

"Section 1.   * * * may authorize Bingo, (not Keno), Raffles or Gift Enterprises by non-profit religious or charitable organizations within [the City and County]; provided however, that all other forms of gambling, lotteries or gift enterprises, for whatever purposes, are hereby prohibited * * *.

"Section 2.  All acts, ordinances, resolutions, regulations or rules of [the City and County] in conflict with this act are hereby repealed."
(Bracketed material paraphrased).

There is no question as to the validity of the petitions or the manner in which they were prepared or certified.

The City and County refused to honor the petitions, on the ground the requested measures were outside the powers and jurisdiction of the respective bodies to enact and were, therefore, improper subjects for initiative. The instant action ensued.

The issue to be resolved on this appeal is:  Does a resolution which specifies the types of gambling to be licensed and limits the nature of organizations or individuals to be licensed for gambling constitute a proper subject for public initiative within the legislative jurisdiction and powers of the City of Kalispell and County of Flathead?

The thrust of appellants' argument is that local units of government have the power and jurisdiction, pursuant to the

Montana gambling statutes, section 62-701 et.seq., R.C.M. 1947, to limit and control, as well as authorize, gambling and the various forms thereof. Such limitation, it is argued, may be accomplished by way of initiative or referendum, submitted to the qualified voters in such jurisdictions. We cannot sustain this position.

A county possesses and can exercise only such powers as are conferred on it by the Constitution and statutes of the state, or such powers as arise by necessary implication from those expressly granted, or such as are required for performance of duties imposed on it by law. Hersey v. Neilson, 47 Mont. 132, 131 P. 30 (1913); Roosevelt County v. State Board of Equalization, 118 Mont. 31, 162 P.2d 887 (1945); Helena Gun Club v. Lewis and Clark County, 141 Mont. 490, 379 P.2d 436 (1963). Therefore, beyond the express powers delega ted counties by virtue of section 16-801 et.seq., R.C.M. 1947, and those necessarily implied therefrom, counties are without powers. Any reasonable doubt concerning the existence of a power should be resolved against a county's exercise of that power. Sullivan v. Big Horn County, 66 Mont. 45, 212 P. 1105 (1923); Bignell v. Cummins, 69 Mont. 294, 222 P. 797 (1923).

Cites and towns are similarly limited in their exercise of legislative powers. Sharkey v. City of Butte, 52 Mont. 16, 155 P. 266 (1916); Penland v. City of Missoula, 132 Mont. 591, 318 P.2d 1089 (1957); Leischner v. City of Billings, 135 Mont. 109, 337 P.2d 359 (1959).

The Montana Card Games Act and the Bingo and Raffles Law, section 62-701 et.seq., R.C.M. 1947, by their express terms authorize various forms of gambling. Sections 62-703, 62-717.

The gambling acts contain a delegation of authority to cities, towns and counties, by this language in sections 62-708 and 62-720:

> "The governing body authorized to issue gambling licenses pursuant to this act may establish by ordinance or resolution regulations governing the qualifications for and the issuing, suppression, and revocation of such gambling licenses. * * *"

The above statutes make plain, the sole power delegated to the local governing bodies is a discretionary power to regulate the licensing of gambling. The statutes reveal no language empowering the local units to prohibit "authorized" forms of gambling in their entireties. Neither is such prohibition properly implied from an exercise of licensing power. Thus, neither the City of Kalispell nor Flathead County has the power or jurisdiction to limit or altogether prohibit certain forms of gambling within its jurisdiction by way of ordinance or resolution.

Nor can local gambling restrictions be properly considered an implied exercise of police powers by the local governing bodies.

It is entirely conceivable that a group of citizens in a given locality may desire to limit or prohibit activities such as gambling on the basis of a perceived adverse moral and economic impact upon their community. However, the Montana Legislature expressly chose to regard the question of gambling as a matter of statewide, as contrasted with local, concern. In effect, the legislature has preempted the field with regard to the authorization of certain forms of gambling and card games. In State ex rel. City of Libby v. Haswell, 147 Mont. 492, 414 P.2d 652 (1966), a case concerning a conflict, such as the instant one, in the area of liquor control, this Court recognized the applicable principle:

- 5 -

"* * * when the state has exercised a power through its statutes which clearly show that the state legislature deems the subject matter of the legislation to be a matter of general statewide concern rather than a purely local municipal problem, the city is then without the essential authority or power to pass or adopt any ordinance dealing with the subject matter." 147 Mont. 495.

See also: City of Billings v. Herold, 130 Mont. 138, 296 P.2d 263 (1956); State ex rel. Wiley v. District Court, 118 Mont. 50, 164 P.2d 358 (1945).

City of Bozeman v. Ramsey, 139 Mont. 148, 362 P.2d 206 (1961) and Town of White Sulphur Springs v. Voise, 136 Mont. 1, 343 P.2d 855 (1959), while factually analogous to the instant case, are clearly distinguishable. In those cases challenges were made to the jurisdiction of local governmental bodies regarding certain local traffic regulations alleged to be preempted by state statutes. However, the state statutory scheme there in question, the 1957 amendment to the Uniform Act Regulating Traffic, granted express authority to local authorities to so regulate traffic, as an exercise of the police power. Such cases have no application where, as here, the legislative grant of power to local units of government is patently absent.

Appellants would have us hold the gambling acts confer upon local governments a "local option" in permitting or prohibiting gambling in their respective jurisdictions. It is argued the legislative provision that local authorities "may" issue licenses implies a legislative intent to create a local option concerning gambling. Sections 62-707, 62-719. Such a position is untenable.

It is axiomatic that legislative intent is first to be ascertained from the language of the lawmakers. Green v. City of Roundup, 117 Mont. 249, 157 P.2d 1010 (1945). We conclude,

from the plain language of the gambling acts, that the legislature intended to grant minimal power to the local governments regarding regulation of gambling, such power being confined to a discretionary licensing power.

We therefore hold that local governmental bodies are without the power, under the Montana Card Games Act and the Bingo and Raffles Law to limit or prohibit gambling and the approved forms thereof, except as expressly provided by such acts, within their respective jurisdictions.

Accordingly, the order of the District Court restraining respondents from placing the proposed resolutions on the ballot for submission to the general electorate is affirmed.

_____
                Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.