No. 80-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

CITY OF BILLINGS,

Plaintiff and Respondent,

vs.

DOUGLAS WEATHERWAX,

Defendant and Appellant.

---

Appeal from:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone.
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Terry L. Seiffert, Billings, Montana

For Respondent:

Joe Leckie, City Attorney, Billings, Montana

---

Submitted on briefs:  April 22, 1981

Decided:   JUL 2 1981

Filed: JUL 2 - 1981

*Thomas J. Kearney*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Weatherwax appeals a Yellowstone County District Court conviction for driving under the influence of alcohol pursuant to a City of Billings traffic ordinance.

Douglas Weatherwax was cited on April 29, 1980, for driving under the influence of intoxicating liquor in violation of section 11.40.020 of the Traffic Code of the City of Billings. The ordinance provides:

> "It is unlawful and punishable as provided in Section 11.40.050 for any person who is under the influence of alcohol to a degree which renders him incapable of safely driving a motor vehicle to drive or be in actual physical control of any motor vehicle <u>within this municipality</u>." (Emphasis defendant's.)

On May 27, 1980, trial was held and defendant was found to be in violation of the ordinance. Appeal was then taken to the District Court, and the matter was set for trial in September 1980. On July 2 defendant moved to dismiss the complaint on the grounds that the city ordinance did not comply with section 61-8-401(1)(a), MCA, and was, therefore, invalid. Section 61-8-401(1)(a), MCA, states:

> "It is unlawful and punishable as provided in section 61-8-714(1) for any person who is under the influence of:
>
> "(a) alcohol to drive or be in actual physical control of a motor vehicle <u>upon the highways of this state</u>." (Emphasis defendant's.)

The District Court denied defendant's motion without opinion. On September 10, 1980, trial was held and defendant was found guilty of driving while under the influence in violation of the Traffic Code of the City of Billings. Defendant now appeals.

The only question which this Court is asked to

resolve is whether section 11.40.020 of the Billings Traffic Code conflicts with state law so as to make the ordinance invalid in exceeding the municipality's jurisdiction.

Over the years this Court has developed several fundamental principles with regard to the interaction of state statutes and city ordinances. Clearly, the organized municipalities in this state have only such power as is granted them by the legislature. City of Billings v. Herold (1956), 130 Mont. 138, 296 P.2d 263. Moreover, as between the two sovereigns, the city's authority is subordinate to that of the state. A municipal ordinance must be in harmony with the law of the state. State v. Haswell (1966), 147 Mont. 492, 414 P.2d 652.

The relatively narrow question before us, therefore, is whether the provisions of section 61-8-401(1)(a), MCA, are harmonious with the provisions of section 11.40.020 of the Traffic Code of the City of Billings. We find that they are.

The legislature has seen fit to grant certain authority to local governments, and only if the City of Billings has gone beyond that authority in enacting the ordinance will we invalidate it. In doing so we must be persuaded that state law either expressly or impliedly prohibits such an ordinance, as the invalidation of local laws is not to be undertaken lightly by this Court. See City of Kodiak v. Jackson (Alaska 1978), 584 P.2d 1130, 1132-33.

Section 61-12-101(12), MCA, empowers a city to "[regulate] or [prohibit] any person who is under the influence of intoxicating liquor from driving or being in

-3-

actual physical control of any vehicle within the incorporated limits of any city or town."

This Court's constitutional license is not a poetic one. The legislature has expressly granted the City of Billings the authority to adopt such an ordinance. The fact that the City used language that did less than mirror the corresponding state statute does not automatically make the ordinance an invalid exercise of authority. Although defendant's belief that the ordinance is in conflict with section 61-8-401(1)(a), MCA, may be facially persuasive, when that section is read in pari materia with section 61-12-101(12), MCA, the conflict is resolved. See Miller v. Miller (1980), ____ Mont. ____, 616 P.2d 313, 320, 37 St.Rep. 1523, 1529. The ordinance has every appearance of being precisely what the legislature contemplated, and this Court will not exalt the form of one statute over the substance of another to invalidate it.

Affirmed.


_____
                    Justice

We concur:

_____
        Chief Justice

_____

_____

_____
    Justices

-4-