No. 81-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

TIPCO CORPORATION, INC.,

Plaintiff and Appellant,

vs.

THE CITY OF BILLINGS,

Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial
District,
In and for the County of Yellowstone
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Stephens & Cole, Billings, Montana
Larry Cole argued, Billings, Montana

For Respondent:

Peterson Law Offices, Billings, Montana
V. Joe Leckie argued, Billings, Montana

---

Submitted:  March 1, 1982
Decided:  MAR 29 1982

Filed:  MAR 29 1982


*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The City of Billings enacted an ordinance declaring uninvited door-to-door solicitations a nuisance punishable as a misdemeanor and exempting local merchants with regularly established places of business from its operation. The District Court held the ordinance valid. We reverse.

Plaintiff Tipco Corporation is a foreign corporation with no business office in Montana. Twelve sales agents of Tipco, licensed and bonded under Montana statutes, were selling magazine subscriptions door-to-door in Billings during March 1981. These sales agents depended on door-to-door solicitations for their livelihood and income. The sales agents would forward subscriptions obtained from Billings customers to Tipco's main office in Indiana which would place the subscriptions with various magazine publishers. The sales agents were arrested and charged with misdemeanors under the Billings ordinance.

On March 20, 1981, Tipco filed a complaint in the Yellowstone County District Court to enjoin the City of Billings from enforcing its ordinance contending it conflicted with overriding state statutes and was unconstitutional under Federal and State Constitutional provisions. The City responded with a motion to dismiss alleging no conflict with state statute or constitutional provisions. The District Court, after notice to the parties that it would treat the case as submitted on cross-motions for summary judgment, granted summary judgment to the City upholding the validity of the ordinance. Tipco appeals.

Three issues are presented on appeal:

(1) Is the Billings ordinance invalid as conflicting with state statutes governing the licensing of itinerant vendors?

(2) Is the Billings ordinance invalid as conflicting with state statutes governing nuisances?

(3) Does the Billings ordinance unfairly discriminate against Tipco contrary to the commerce clause of the United States

Constitution and the due process and equal protection clauses of the United States and Montana Constitutions?

The relevant state statutes governing itinerant vendors are found in Title 7, Chapter 21, MCA, and provide as follows:

"Part 23

"Licensing of Itinerant Vendors

"Definitions . . .

"(2) Within the meaning of this part, an 'itinerant vendor' is any person engaged or employed in the business of retailing to consumers by going from consumer to consumer, either on the streets or to their places of residence or employment and there soliciting, selling, or offering to sell or exhibiting for sale (by sample, by catalogue, or otherwise) or taking orders for future delivery of any goods, wares, or merchandise or for services to be performed in the future." 7-21-2301(2), MCA.

"Scope of part . . .

"(2) Nothing contained in this part is intended to operate so as to impair, abridge, or interfere with the right of any incorporated municipality within this state to enact local laws or ordinances dealing with the subject of this part, provided that such municipality shall not impose any license fees in excess of twice the amount provided herein for county license fees." 7-21-2302(2), MCA.

An annual $15 county license fee for itinerant vendors is provided in the Act. Section 7-21-2303, MCA.

The Billings Ordinance provides in pertinent part:

"ORDINANCE No. 5.20.050. SOLICITING PROHIBITED

"The practice of going into private residences, business establishments, or offices in the City by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise, not having been requested or invited to do so by the owner or owners, occupant or occupants of private residences, business establishments or offices for the purpose of soliciting order (sic) for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking same is hereby declared to be a nuisance and punishable as a misdemeanor."

"ORDINANCE NO. 5.20.060. EXCEPTIONS.

"The provisions of this chapter shall not apply to regularly established places of business or to bonafide merchants having regularly established places of business within said city, or to any regularly licensed auctioneer or to

- 3 -

any person distributing by sale, or otherwise,
produced by him on owned or leased premises;
provided such premises are located within 150
miles of the City."

The focus of the first issue is whether the City of Billings is empowered to prohibit uninvited door-to-door solicitations by itinerant vendors under the state licensing statute or otherwise. Tipco argues that a statutory grant of power to a municipality to enact ordinances "dealing with" itinerant vendors does not empower a city to prohibit their activities, citing DeLong v. Downes (1977), 175 Mont. 152, 573 P.2d 160 (a statute authorizing regulation of gambling licenses is not a grant of power to prohibit authorized forms of gambling); Winther v. Village of Wieppe (1967), 91 Idaho 798, 430 P.2d 689 (the power to regulate a business is not a grant of power to prohibit it); and Combined Communications Corporation v. City and County of Denver (1975), 189 Colo. 462, 542 P.2d 79 (the power to regulate does not include the power to prohibit); and arguing that if the legislature intended to grant cities the power to prohibit the activities of itinerant vendors, it could have plainly said so.

State statutes define itinerant vendors to include persons engaged in door-to-door solicitations [section 7-21-2301(2), MCA], provide for licensing them [section 7-21-2303, MCA], and state that such statutes shall not impair the right of any incorporated city to enact ordinances dealing with the licensing of itinerant vendors [section 7-21-2302(2), MCA]. Other state statutes provide that "a local governmental unit with self-government powers may exercise any power not prohibited by the constitution, law, or charter" and "these powers include but are not limited to the powers granted to general power governments" section 7-1-101, MCA; and that "the powers and authority of a local government unit with self-government powers shall be liberally construed" and "every reasonable doubt as to the existence of a local government power or authority shall be resolved in favor of the existence of that power or authority."

Section 7-1-106, MCA. These statutes were enacted pursuant to the expansion of the powers of local self-government provided by Montana's 1972 Constitution, Article XI, Sections 4, 5 and 6.

Thus we find no conflict between state statutes licensing itinerant vendors and the Billings ordinance prohibiting one of their activities--uninvited door-to-door solicitations. A licensing statute does not legalize an activity otherwise prohibited. State ex rel. Replogle v. Joyland Club (1950), 124 Mont. 122, 220 P.2d 988. Since the City of Billings possesses self-government powers it may exercise any power not prohibited by the Constitution, Law or Charter and possesses powers granted to general power government, it is empowered to prohibit uninvited door-to-door solicitations by itinerant vendors.

The situation here must be distinguished from situations involving state preemption of a field of regulation as in DeLong v. Downes, supra; State ex rel. City of Libby v. Haswell (1966), 147 Mont. 492, 414 P.2d 652; City of Billings v. Herold (1956), 130 Mont. 138, 296 P.2d 263; and State ex rel. Wiley v. Dist. Ct. (1945), 118 Mont. 50, 164 P.2d 358. There, unlike here, the state had preempted regulation of gambling, liquor control and other fields to the exclusion of municipalities which were prohibited from legislating in those areas. In the instant case there has been no state preemption or prohibition.

We expressly overrule statements in DeLong that a county, city or town can only exercise powers expressly conferred on it by the Constitution and statutes or arising by necessary implication and that any reasonable doubt concerning such powers should be resolved against the municipality. This was the law under Montana's 1889 Constitution and cases decided thereunder. It is not the law under Montana's 1972 Constitution and statutes enacted thereunder.

Tipco next contends that the Billings ordinance is invalid because it conflicts with state statutes governing nuisances.

Tipco points out that section 27-30-101(2), MCA, states that nothing done or maintained under the express authority of a statute can be declared a nuisance. Therefore, Tipco argues, the statute licensing itinerant vendors impliedly indicates that their activities in door-to-door solicitations are not a nuisance.

The fallacy in Tipco's argument is that a licensing statute does not legalize a prohibited activity. State ex rel. Replogle v. Joyland Club, supra. There is no preemption by the state of regulation of nuisances. The City of Billings has declared uninvited door-to-door solicitations by itinerant vendors a nuisance. The same analysis, the same reasons and the same result applies to this issue as to the first issue. We hold the Billings ordinance valid against this attack by Tipco.

However, we hold that the Billings ordinance denies Tipco equal protection of the law in violation of Federal and State Constitutional requirements. Fourteenth Amendment, Section 1, U. S. Constitution; Article II, Section 4, 1972 Montana Constitution. The Billings ordinance exempts local merchants having regularly established places of business in the City from the prohibition against uninvited door-to-door salesman. It prohibits Tipco from engaging in the prohibited activity and permits local merchants to engage in the prohibited activity. This constitutes patent discrimination prohibited under constitutional equal protection requirements.

The Billings ordinance is not subject to the "strict scrutiny" test of equal protection because it does not burden a fundamental right (State v. Turk (No. 81-341, decided March 25, 1982; Searle & Co. v. Cohn (1982), _____U.S._____, _____S.Ct._____, _____L.Ed.2d_____(No. 80-644 decided February 24, 1982); Stanley v. Illinois (1972), 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551; Dunn v. Blumstein (1972), 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274) nor constitute invidious discrimination against a suspect

- 6 -

class (Graham v. Richardson (1971), 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534; Loving v. Virginia (1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010).

The "rational relationship" test determines whether the Billings ordinance satisfies equal protection requirements, i.e. is the prohibition against uninvited door-to-door solicitation by Tipco and the permission for local merchants to engage in the same activity rationally related to the achievement of a legitimate governmental objective?

We hold it is not. The only rational relationship that has been suggested is that the City can exercise control over local merchants and their uninvited door-to-door solicitations but cannot exercise such control over out-of-state firms and their solicitors. This argument is difficult to follow as the ordinance permits local merchants to engage in the prohibited activity. Under such circumstances where is the control? This argument additionally loses its vitality because state licensing statutes, equally applicable to local merchants and out-of-state firms, require posting a bond of $250 as a condition of licensing to protect customers. Section 7-21-2306, MCA.

A classification that is patently arbitrary and bears no rational relationship to a legitimate governmental interest offends equal protection of the laws. Frontiero v. Richardson (1973), 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583; Sigety v. State Board of Health (1971), 157 Mont. 48, 482 P.2d 574. As we have previously held, equal protection of the laws requires that all persons be treated alike under like circumstances. Billings Associated Plumbing, Heating & Cooling Contractors v. State Board of Plumbers (1979), ____Mont.____, 602 P.2d 597, 36 St.Rep. 1996. Here uninvited door-to-door solicitors of local merchants are no less a nuisance than those of nonlocal firms. Thus, the classification is arbitrary and offends the equal protection clause of

both Federal and Montana Constitutions.

The remaining federal constitutional attacks are foreclosed by the United States Supreme Court decision in Breard v. City of Alexandria (1951), 341 U.S. 622, 71 S.Ct. 920, ____ L.Ed____ . In that case a Green River type ordinance like that of Billings (minus the exemption for local merchants) was held not to violate the Federal Commerce clause, the First Amendment right of free speech, and the due process clause of the Fourteenth Amendment. We find no reason to hold otherwise under Montana's constitutional freedom of speech guarantee (Art. II, Sec. 7, 1972 Montana Constitution) or Montana's due process clause (Art. II, Sec. 17, 1972 Montana Constitution). Montana's Constitution, unlike the Federal Constitution, contains no commerce clause.

In summary, we hold Billings Ordinance 5.20.050 and 5.20.060 unconstitutional under the equal protection provisions of the United States and Montana Constitutions. Since we have no way of knowing whether the City of Billings would enact the ordinance without the unconstitutional exemption contained in 5.20.060, we strike both 5.20.050 and 5.20.060 leaving that determination to the City.

The judgment of the District Court is reversed in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

- 8 -

_John G. Shanley_
_Gene B. Daly_
Justices