No. 85-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

CITIZENS BANK OF MONTANA,

       Plantiff and Respondent,

   -vs-

ROBERT L. BROWN, FLORENCE K.
BROWN, husband and wife, and
HOWARD T. BROWN, INC.,

       Defendants, Counterclaimants
       and Appellants.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
             In and for the County of Hill,
             The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Alexander & Baucus; Ward Taleff, Great Falls, Montana

---

Submitted on Briefs: June 28, 1985

Decided: September 27, 1985

Filed:

SEP 27 1985

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Browns appeal the Hill County District Court's denial of their motion for relief from judgment. The issue on appeal is whether there was a valid judgment under which respondent Citizens Bank of Montana could obtain a writ of execution and a sheriff's sale. We hold that there was such a judgment and, accordingly, we affirm the decision of the District Court.

In March 1980, Robert L. Brown and Florence K. Brown (Browns), for consideration, executed a promissory note and delivered it to Citizens Bank. Browns also executed two trust indentures in favor of Citizens Bank to secure payment of the note. One trust indenture covered real property known as the Warehouse property. The other covered real property known as the Gambles property. Browns later transferred the Warehouse and Gambles properties to a corporation, Howard T. Brown, Inc.

Citizens Bank filed a complaint in February 1982, and an amended complaint in March 1982, against Browns and Howard T. Brown, Inc., alleging that Browns were in default on both trust indentures. Citizens Bank sought foreclosure of the trust indentures. The defendants responded with a counterclaim and a third-party complaint.

In November 1982, the District Court granted Citizens Bank's motion for partial summary judgment on the issue of Browns' default on the trust indentures. In July 1983, Citizens Bank and Browns signed a "Covenant Not to Execute," whereby the Bank agreed not to execute on the judgment. Shortly thereafter, Browns signed an agreement entitled "Consent to Entry of Judgment." The agreement requested the District Court to enter judgment in Citizens Bank's favor in

its suit on the trust indentures. The agreement further requested the court to dismiss with prejudice all of the Browns' remaining counterclaims and third-party claims. Pursuant to this document, the District Court entered judgment on July 13, 1983, in Citizens Bank's favor against Browns. The judgment specifically created judgment liens in Citizens Bank's favor on the property which had been subject to the trust indentures; the Warehouse property and the Gambles property.

Subsequently, Browns and Howard T. Brown, Inc., signed an agreement entitled "Consent to Entry of Judgment Nunc Pro Tunc." Among other things, the agreement requested the District Court to dismiss Howard T. Brown, Inc.'s, counterclaims and third-party claims. The agreement acknowledged that Howard T. Brown, Inc.'s, interest in the Warehouse and Gambles properties was subject to Citizens Bank's interest.

Shortly after these agreements were entered into, the Browns filed a voluntary Chapter 11 Bankruptcy petition in the United States Bankruptcy Court for the District of Montana, Great Falls Division. On April 9, 1984, the Bankruptcy Court entered an order regarding the Browns' bankruptcy petition. With reference to Citizens Bank's suit against Browns, this order stated:

> The execution of the COVENANT NOT TO EXECUTE and the filing of the subsequent judgments and judgments nunc pro tunc in favor of the Citizens Bank and against the Browns, creating judgment liens against the real property of the Browns and releasing and dismissing with prejudice all of the claims which the Browns might have against the Citizens Bank, constituted preferential transfers under 11 U.S.C. Section 547 of the Bankruptcy Code.

The Bankruptcy Court further ordered:

> . . . that the Covenant not to Execute and all resulting judgments in favor of

> Citizens Bank and against the Browns which, amongst other things, created additional liens against property of the Browns and released and dismissed with prejudice claims which the Browns may have had against the Citizens Bank are set aside pursuant to 11 U.S.C. 547 as preferences and specifically that the Browns may pursue any and all claims which they have or had against the Citizens Bank and further that the liens and encumbrances which the Citizens Bank had against the Gambles and Warehouse property are specifically preserved.

Pursuant to Citizens Bank's motion, the Bankruptcy Court later amended its order so that the last line quoted above would read, ". . . are specifically preserved as judgment liens." (Emphasis supplied.)

In November 1984, the Bankruptcy Court lifted the automatic stay in bankruptcy as to the Gambles and Warehouse properties. In December 1984, Citizens Bank obtained a writ of execution from the Clerk of the District Court. Pursuant to the writ of execution, a sheriff's sale of the Gambles and Warehouse properties was scheduled for January 9, 1985. On January 8, 1985, Browns filed a motion for relief from judgment in an attempt to halt the sheriff's sale. The basis of Browns' motion was that the Bankruptcy Court order dated April 9, 1984, allegedly invalidated Citizens Bank's judgment liens on the Gambles and Warehouse properties. Therefore, Browns contend, there was no judgment upon which the writ of execution and sheriff's sale could be based. The District Court rejected their argument and allowed the sheriff's sale of the Warehouse and Gambles properties.

Appellants advance one main contention on appeal. They contend that the Bankruptcy Court order of April 9, 1984, completely set aside Citizens Bank's judgment liens against the Gambles and Warehouse properties and, therefore, the

4

District Court should have granted appellants' motion for relief from judgment.

The bankruptcy judge, in his order of April 9, 1984, set aside:

> [T]he Covenant Not to Execute and all resulting judgments in favor of Citizens Bank and against the Browns which, amongst other things, created additional liens against property of the Browns and released and dismissed with prejudice claims which the Browns may have had against the Citizens Bank . . .

On its face, this portion of the order set aside Citizens Bank's judgment liens resulting from the July 13, 1983 judgment. However, the order goes on to specifically preserve "the liens and encumbrances which the Citizens Bank had against the Gambles and Warehouse property . . ." Appellants argue that this last phrase was meant to preserve any liens which Plaintiff had before the entry of the July 13, 1983, District Court order. We disagree with appellants' strained interpretation. If the Bankruptcy Court had intended this meaning, it could have easily said so.

We note that "when there is no testimony and this Court is limited to the record, it is free to make its own examination of the entire case and to make a determination in accordance with its findings." Steadman v. Halland (Mont. 1982), 641 P.2d 448, 452, 39 St.Rep. 343, 347. This rule applies to the instant case. Further, this Court has stated that, "[a] judgment should be so construed as to give effect to every word and part of it, including such effects and consequences as follow by necessary legal implication from its terms, although not expressed." State ex rel. Foot v. District Court et al. (1925), 72 Mont. 374, 379, 233 P. 957, 959.

A perfunctory review of bankruptcy law reveals the necessary legal implications to be drawn from the disputed

5

order. The Bankruptcy Court had authority to set aside "preferential transfers" made by Browns. The Bankruptcy Court's authority is under 11 U.S.C. § 547 of the Bankruptcy Code. The July 13, 1983, judgment, entered pursuant to the consent to entry of judgment agreement, created a preferential transfer for the purposes of § 547. The entry of judgment granted to Citizens Bank a judgment lien on all real property Browns owned in Hill County. Thus, the preferential transfer was that Citizens Bank received a lien interest against real property which was not previously collateral for Browns' debt to the Bank. The Bankruptcy Court order set this preferential transfer aside. This did not affect Citizens Bank's lien on the original collateral;

> Section 547, however, is concerned primarily with judgments or judicial proceedings that create liens within the 90-day period to secure claims that previously had no preferential standing. Accordingly, a judgment entered on or within 90 days before the petition is filed and arising out of the enforcement of a valid and subsisting lien, which has priority over the claims of general creditors and against which the trustee cannot assert a paramount right, does not constitute a voidable preference. Thus, the confession of a judgment on a non-preferential and otherwise valid security interest in personal property and a consequent sale of the property does not give rise to a preference. (Emphasis supplied.)

4 Collier on Bankruptcy, ch. 547, ¶ 547.12, at 48-49 (15th ed. 1979).

Citizens Bank had a valid and subsisting lien on the Gambles and Warehouse properties long before Browns petitioned for bankruptcy. The judgment arising out of that valid lien was not a preferential transfer. We hold that the July 13, 1983, judgment lien was a valid lien as to the Gambles and Warehouse properties.

This interpretation is in accord with a straightforward reading of the Bankruptcy Court order. The order specifically preserved "the liens and encumbrances which the Citizens Bank had against the Gambles and Warehouse property" as judgment liens. The District Court properly denied Browns' motion for relief from judgment.

Having reached a decision on the merits of the case, we have no need to address the questions of whether appellants' counsel properly filed the notice of appeal, or whether appellants' motion for relief from judgment was timely made, or whether res judicata or collateral estoppel apply.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices