JUSTICE WARNER
dissents.
¶40 I think I can understand what the result of the Court’s decision is, including the special concurrences. That is: Helena casino operators cannot allow smoking in their gaming rooms, in spite of § 7-1-120, MCA. Thus, the Petitioners are successful in this part of the litigation. However, I must confess I am not sure why.
¶41 First, the Court’s Opinion. This case does not present a smoking versus non-smoking question. It is a case of a city versus the Legislature. It is the law that in a power struggle between the Legislature and a self-governing municipality, the Legislature wins. Mont. Const., Art. XI, § 6. It seems the Court agrees the Legislature has the power to prohibit Helena from banning smoking in casinos-it just did it wrong. It had to “prohibit,” not “exempt.”
¶42 I agree with the Court’s Opinion to the point where Billings Firefighters Local 521 is cited for the correct proposition that a legislative prohibition can arise through a direct inconsistency between a state legislative act and the legislative act of a self-governing unit. Beyond that point, while I stand in awe of the Court’s ability to weave words toward a result, I must disagree.
¶43 Helena’s ordinance prohibits smoking in casinos in the city- no exceptions. House Bill 758, codified as § 7-1-120, MCA, states that casinos are exempt from all city ordinances that are more strict than the Clean Indoor Air Act, Title 50, chapter 40, part 1. The Clean Indoor Air Act allows a proprietor to designate his casino as a place where smoking is allowed. Section 50-40-104(l)(c), MCA. Ergo: even though Helena’s ordinance states there will be no smoking within the city’s casinos, the Legislature says a proprietor may allow smoking in his *84 Helena casino. To me, this is a direct inconsistency between a state legislative act and the legislative act of a self-governing unit. The Legislature trumps Helena-that’s the law.
¶44 I think what Justice Leaphart’s special concurrence says is: since the MCIAA does not prohibit smoking in casinos, but only requires designation of smoking and non-smoking areas, § 7-1-120, MCA, is not more restrictive than the MCIAA. This is so because § 7-1-120, MCA, does not state that smoking is allowed but only states that an ordinance cannot be more restrictive than the MCIAA. Thus, the reasoning goes, even though § 7-1-120, MCA, may be valid; it is meaningless.
¶45 Again, I am forced to disagree. The proprietor of a casino is clearly allowed to designate a portion, or all, of his establishment as “Smoking Allowed,” at his option. Section 50-40-104(l)(c), MCA. Helena’s ordinance states that the proprietor does not have such option; his premises is “No Smoking” by law. I offer the following to illustrate the obvious:
[[Image here]]
¶46 The casino depicted in Figure 1 is more restricted than the one in Figure 2. Ergo: Helena’s ordinance, which states “No Smoking” is more restrictive than the MCIAA, which states “Smoking Optional.” Section 7-1-120, MCA, is not meaningless. It has the very real effect of exempting the proprietor of a casino from the restriction of Helena’s ordinance. Under the statute, a proprietor can exercise his right to post a sign that says smoking is allowed, and smoking is then allowed.
¶47 Justice Cotter’s special concurrence would conclude that § 7-1-120, MCA, is special legislation in violation of Article XI, Section 31, of the Montana Constitution, because it grants a special privilege, franchise, *85 or immunity to tavern owners with gaming machines, and denies such to other businesses without gambling. To reach this conclusion, the concurrence states, without citation of authority, that nothing in the Constitution or the statutes gives the Legislature the power to allow self-governing cities to ban smoking in establishments without gaming licenses, and to deny this authority to such cities in regard to establishments with gaming licenses. I must disagree yet again.
¶48 Article III, Section 9, of the Montana Constitution gives the Legislature the authority to allow gambling by law; it has done so. The regulation of gambling is a matter of state-wide concern. DeLong v. Downes (1977), 175 Mont. 152, 156, 573 P.2d 160, 162. There is no disagreement in this case that the State of Montana has the authority to regulate gambling and that it has done so. Title 23, Chapter 5, MCA. The statute in question here applies only to gaming premises, and is a part of the regulation of those premises. I would conclude that the power to regulate gambling includes the power to regulate the premises wherein it is conducted. The decision whether to allow smoking where gambling is allowed is within the power of the State. ¶49 The evidence that smoking, and second-hand smoke, is detrimental to health appears to be overwhelming. However, we do not have before us the question of whether smoking is or is not bad for health; the answer to which question seems obvious. Still, the citizens of Montana have the right to be foolish, and some choose to exercise that privilege. What we do have before us is whether the Legislature’s power to regulate gambling can be usurped by Helena. It cannot. Whether the Legislature has unwisely exercised its power in this area is a matter of policy for it alone to decide; and the citizens of Helena, this Court, and the rest of Montana’s citizens, must live with its decision or get it to change the law. Of course, none of us are required to patronize establishments that allow smoking.
¶50 I dissent.
JUSTICE RICE joins in the foregoing dissent.